^Thursday, January 16th, 1812.
JUDGE ROANE
pronounced the following opinion of the Court, consisting of Judges Roane, Brooke, and Cabell.
“The court is of opinion, that, under the will of Martin Shobe, in the proceedings mentioned, the appellees were entitled to one fifth part of two thirds of the estate of the said Martin Shobe, (exclusive of his lands,) with interest thereupon from the end of one year from the death of the said testator; as also to one fifth part of the remaining third of the same estate, (which was bequeathed to the wife of the said Martin Shobe,) from and after the time of her death, with interest thereupon, in like manner, from the end of the year in which she shall have died ;* that they were also entitled to one fifth part of the value of the testator’s lands devised to his sons Rudolph, Leonard, and Jacob Shobe; rating the same at the price of sixteen hundred pounds; and holding each of the devisees aforesaid, and those claiming under them, chargeable to the appellees, in the proportion that their several dividends, under the will aforesaid, respectively bear to the said sum of sixteen hundred pounds; with interest on the respective quotas, from the expiration of one, two, three, and four years from the testator’s death ; to the payment of which (in aid of the personal responsibility of the said several devisees and those claiming under them) the lands aforesaid ought to be held severally liable.”
“The court is further of opinion, that it appears, from the testimony in this cause, that the appellee, Conrad Carr, was equitably entitled to the leasehold land in the proceedings mentioned; the legal title whereof was not contemplated by the testator in the residuary devise of his lands to his son, Leonard Shobe, but descended upon his four sons, Leonard, Rudolph, Martin, and Jacob Shobe, and the appel-lee, Mrs. Carr, or passed to the executors *of the said testator, according as the interest of that lease might be greater or lesser; (a fact which is not disclosed to the court by the present proceedings;) and that the parties aforesaid, respectively, as the case may be, should be decreed to release the legal title aforesaid to the said appellee, Conrad Carr. On this ground, the court is of opinion that the County Court should have decreed in favour of the appellees, according to the principles above stated, had there been proper and sufficient parties before the court; which this court is of opinion is not the case: both because all the heirs, of the testator are not before the court, so as to be decreed, eventually, to release as aforesaid; and because all the other distributees under the will of the said Martin Shobe, are not also parties; so as to avoid circuity, and make an end of the distribution of the said estate, in, and by one suit or action; and that the said decrees are erroneous, both because of the want of proper parties as aforesaid, and, also, because the principles, now stated to be correct by this court, have not been observed in and by either of the said decrees.”
Both decrees were therefore reversed, with costs; and it was ordered that the cause be remanded to the said Court of Chancery, and from thence to the County Court, to be finally proceeded in, pursuant to the principles of this decree.
TENDER.
A. what Constitutes a Valid Tender.
1. Willingness to Pay.
2. When Actual Production of Money Dispensed with.
a. Necessity for Counting Out the Money.
3. Tender Must Be of Exact Amount Due.
4. Tender Must Be unconditional.
5. Time of Tender.
6. Medium of Payment.
B. To» Whom Tender Should Be Made.
C. Keeping Tender Good.
D. Effect of Tender.
E. Waiver.
P. Conflict of Tjaws.
G. The Plea of Tender.
H. Payment of Money into Court.
1. In General.
2. Identical Money.
3. Tender of Deed with Bill.
4. Waiver of Payment into Court.
5. Statutory Provisions.
A. WHAT CONSTITUTES A VALID TENDER.
As a general rule, the legal incidents of a valid tender are the actual production and proffer of the precise sum due, so as to relieve the creditor of anything on his part to be done so as to reap the full fruition of his contract. Bnt these the creditor may dispense with either expressly or impliedly. Lohman v. Crouch, 19 Gratt. 331; Koon v. Snodgrass, 18 W. Va. 320.
1. WILLINGNESS TO PAY — Bnt a willingness to pay the amount admitted to be due is not the equivalent of a legal tender of the amount, though followed by bringing the money into court to make the tender good, when no such tender was ever actually made. Norfolk, etc., R. Co. v. Mills, 91 Va. 613, 22 S. E. Rep. 556.
2. WHEN ACTUAL PRODUCTION OP MONEY DISPENSED WITH. — The actual production of the money will be dispensed with when the party to whom the offeris made refuses to receive the money before it is actually produced, and bases his refusal, not on the ground that It is not produced, nor on the ground that the amount produced is not the exact amount offered, but on some collateral and entirely distinct ground. Koon v. Snodgrass, 18 W. Va. 320: Lohman v. Crouch, 19 Gratt. 331.
Limitation ot Rule. — It must be observed, however, that although in a tender an actual, visible production of money is dispensed with where the party denies all right to pay any sum, yet it must appear that there was an actual offer to pay, and that the tenderer had the money, and was about to produce it, and would have done so if he had not been prevented by such denial of right to pay. Shank v. Groff, 45 W. Va. 543, 32 S. E. Rep. 248.
*608 Thus, it Ras been held that an offer by a purchaser of land to pay the purchase money a short time after it fell due, was not a good tender, where he did not show any money. Moore v. Harnsberger, 26 Gratt. 667.
a. Necessity yob. Counting Out the Money.— But if the debtor has the á'ctual money in hand and offers it, he is not bound to count it out, if the creditor refuses to receive it. King v. King, 90 Va. 177, 17 S. E. Rep. 894.
3. TENDER MUST BE OF EXACT AMOUNT DUE. — Tender made and refused, to stop interest, must be of the exact amount due, and must be kept good and ready at all times to be paid to the cred itor at his demand, which must be shown by the tenderer. Therefore, if a tender be made of a less sum than is justly due, a refusal to receive it is no bar to the subsequent recovery of interest on the sum so tendered, from the time of the tender. Shank v. Groff, 45 W. Va. 543, 32 S. E. Rep. 248; Shobe v. Carr, 3 Munf. 10.
Declaration Does Not State When Debt Fell Due.— Where a declaration demands a particular sum without stating when it fell due or from what time it bore interest, a plea of tender alleging that ever since the bond became due and payable the defendant had been and still was ready to pay the said sum, and that he tenders it to him, is not insufficient on the ground that it does not aver the tender of a sufficient sum. Shepherd v. Wysong, 3 W. Va.46.
4. TENDER MUST BE UNCONDITIONAL. — Tender of payment of a debt conditioned on the surrender of collaterals held for that and other debts, is not a good tender. Fidelity Loan, etc., Co. v. Engleby, 99 Va. 168, 37 S. E. Rep. 957.
5. TIME OF TENDER.
Tender before riaturity of Debt. — As a general rule, where one party contracts to pay another money on a certain day, the tender, in order to be available, must be madeon the day itfalls due. It isbelieved, however, that a tender will generally be held valid that is made before the debt was due, provided the debt did not draw interest, or. if, when the debt did draw interest, the tender included interest to the maturity of the debt. Thompson v. Lyon, 40 W. Va. 87, 20 S. E. Rep. 812.
For example, where a bond is payable “on or before” a certain date, a tender before maturity of principal an.d interest to the date of tender is good. Sanders v. Burk. 2 Va. Dec. 175.
And where a bond falls due at a stated time, a special plea of tender at that time, in discharge of subsequently accrued interest, may.be filed. Shepherd v. Wysong, 3 W. Va. 46.
6. MEDIUM OF PAYMENT.
Confederate Money. — where a debtor borrowed confederate notes during the civil war, payable at a certain time, and in full compliance with his contract, made tender in such money as he borrowed, the only money then in' circulation in the country where both parties lived, the tender was held to be valid. King v. King, 90 Va. 177, 17 S. E. Rep. 894. See Lohman v. Crouch, 19 Gratt. 331.
But a tender of confederate money in payment of a confederate debt after the day of payment, is not sufficient. Sanders v. Branson, 22 Gratt. 364.
In an early Virginia case in which paper money was tendered, it was held that the plea ought to state specially the sort of money which was offered, and that the defendant was always ready to pay that very money which he brings into court. Downman v. Downman, 1 Wash. 26.
Tender of Check Not Good. — But an offer to give to a receiver of the court a check upon a bank, without proof that the party had the money in the bank at the time, though that was not doubted by the receiver, is not a good and valid tender. Poagne v. Greenlee, 22 Gratt. 724.
B.TO WHOM TENDER SHOULD BE MADE.
To Receiver of Court. — A purchaser at a judicial sale cannot make a good and valid tender of the money due for his purchase, to the receiver of the court appointed to collect it. Poague v. Greenlee, 22 Gratt. 724.
Tender to Joint Obligees. — But as a payment to one is a payment to all the joint obligees, so atender to one is a tender to all, for if this were not the case, it would be almost impossible to make a valid tender where there were many obligees. Warder v. Arell, 2 Wash. 282, 1 Am. Dec. 488.
C.KEEPING TENDER GOOD.
Moreover, a tender, to be available, must be kept good. In other words, the debtor must be willing and prepared to make payment at any time after the tender, and until the money is paid into court, in case the creditor should conclude to receive it. Thompson v. Lyon, 40 W. Va. 87, 20 S. E. Rep. 812, opinion of Judge Dent; Shank v. Groff, 45 W. Va. 543, 32 S. E. Rep. 248.
A tender of money is not sufficient to stop interest, where it does not appear that the money was kept in readiness to be paid whenever it might be called for. Lohman v. Crouch, 19 Gratt. 331.
For example, one making a tender and then using the money, and afterwards failing to pay the money into court, with a pleading relying upon such tender, loses its benefit, and will not be released from interest by it. Shank v. Groff, 45 W. Va. 543, 32 S. E. Rep. 248.
So also, a tender of money in payment of a judgment will not authorize a court of equity to stop the execution, where there is neither allegation nor proof that the defendant in the execution kept the money on hand for the discharge of the' judgment. Shumaker v. Nichols, 6 Gratt. 592.
Where the debtor tendered paper money to his creditor, who refused to receive it, whereupon the money was carried back to the debtor without being deposited anywhere for safe-keeping, so that it could not be used, but might always be forthcoming, it was held that the tender had no effect either at law or in equity. Call v. Scott, 4 Call 402.
D.EFFECT OF TENDER.
General Rule. — The general rule is that the effect of a tender in proper time is merely to relieve the debtor from subsequent interest and costs, if the money is unqualifiedly refused, and does not extinguish the obligation. 4 Min. Inst. (3d Ed.) 735; Cary v. Macon, 4 Call 605; Thompson v. Lyon, 40 W. Va. 87, 20 S. E. Rep. 812; Ross v. Austin, 4 Hen. & M. 502.
Tender of Goods. — But where the tender is of goods (not money), if the tender is established, the goods belong to the creditor, and the party in possession of them is regarded as his bailee. 4 Min. Inst. (3d Ed.) 736; Gilkeson v. Smith, 15 W. Va. 44.
E.WAIVER.
A strictly legal tender may be waived by an absolute refusal to receive the money, on the ground that no man is bound to perform a nugatory act. Thompson v. Lyon, 40 W. Va. 87, 20 S. E. Rep. 812.
F.CONFLICT OF LAWS.
If a person be discharged from a debt by a tender and refusal made in a foreign country by force of the laws of that country, he may defend himself elsewhere by relying upon such tender and refusal and the laws under which he was discharged. Warder v. Arell, 2 Wash. 282, 1 Am. Dec. 488.
*609 Ci. THE PLEA OF TENDER.
A plea of tender should be that the defendant was always ready from the time when the payment should have been made, and not from the time of the tender. Downman v. Downman, 1 Wash. 26.
Time When Made. — Besides, a plea of tender ought to state particularly the day when it was made. Instead of pleading that he offered the principal and all the interest due, the defendant ought to compute the interest, add it to the principal, and say that he offered a certain sum. Downman v. Downman, 1 Wash. 26.
H. PAYMENT OF MONEY INTO COURT.
1. IN GENERAD. — The rule is well settled that a party, who in a court of law or equity, relies on the tender of money for the satisfaction of a debt, must bring into court, when he hies his pleading setting up such tender, the amount of money so tendered, unless this production of the money is waived by the other side; and if he fails to do this, the evidence of tender will be disregarded by the court. Gilkeson v. Smith, 15 W. Va. 44; Downman v. Downman, 1 Wash. 26; Robinson v. Gaines, 3 Call 243; Shank v. Groff, 45 W. Va. 543, 32 S. E. Rep. 248; Ross v. Austin, 4 Hen. & M. 502.
But a payment made to the plaintiff after action brought, is equivalent to bringing the money into court, in re ference to the costs of the plaintiff. Hudson v. Johnson, 1 Wash. 10.
The plaintiff may sign judgment if the defendant does not bring into court that which is money at the time of the plea pleaded. Downman v. Downman, 1 Wash. 26.
As upon a plea of tender the money must by law accompany the plea, the defendant in a subsequent suit may plead the tender of the money into court in the first action, and prove the payment to the clerk, which, if found in his favor, judgment will be entered for him. Robinson v. Gaines, 3 Call 243.
It was held in Campbell v. Braxton, 4 Hen. & M. 446, that a report showing a balance due from an executor was not sufficient ground for ordering the money to be brought into court, but that the plaintiff should proceed to a decree.
Quashing Execution on Judgment. — Jt has been held that a tender of money in payment of a judgment will not authorize the quashing an execution issued thereon, unless the tender is followed by the payment of the money into court, and a motion to enter satisfaction on the record. Shumaker v. Nichols, 6 Gratt. 592.
2. IDENTICAL MONEY. — To constitute a legal tender, however, it is not necessary that the identical money tendered be kept and brought into court. Thompson v. Lyon, 40 W. Va. 87, 20 S. E. Rep. 812.
Depreciated Currency. — But when by the contract the debt may be paid in money or notes, which are uncurrent, depreciated or not legal tender when the defense of tender is set up, the debtor may then bring into court the identical money or notes which he tendered. Gilkeson v. Smith, 15 W. Va. 44, citing Downman v. Downman, 1 Wash. 26.
3. TENDER Of? DEED WITH BILL. — A bill by a vendor for the specific performance oí a contract for the safe of land, which does not tender a deed of conveyance, and allege the ability and willingness of the vendor to convey a sufficient title, is bad on demurrer. Wood v. Walker, 92 Va. 24, 22 S. E. Rep. 523. Contra, Vaught v. Cain, 31 W. Va. 424, 7 S. E. Rep. 9. See monographic note on “Specific Performance" aimended to Hanna v. Wilson, 3 Gratt. 243.
Bill to Redeem Mortgage. — And a bill to redeem a mortgage must allege and rely upon tender if one is claimed, and the money must be paid into court. Shank v. Groff, 45 W. Va. 543, 32 S. E. Rep. 248.
4. WAIVER OF PAYMENT INTO COURT. — In an action of debt, when a plea of tender is filed, it is the right of the plaintiff to have the money paid into court before he takes issue on the plea, but if he fails to accept money so paid, or tendered to be paid into court as part satisfaction of the debt, and takes issue on the plea, he waives his right. Shepherd v. Wysong, 3 W. Va. 46.
5. STATUTORYPROVIvSIONS. — The statutes provide that in any personal action, the defendant may pay into court, to the clerk, a sum of money on account of whatis claimed, or by way of compensation or amends, and plead that he is not indebted to the plaintiff, or that the plaintiff has not sustained damages to a greater amount than the said sum. Va. Code 1887, § 3296; W. Va. Code, ch. 126, §2.
Payment to Clerk in Vacation. — When the law requires money to be paid into court, it cannot be paid to the clerk without the court's order. For example, it is held that the payment of money to the clerk in vacation is not equivalent to the payment of money into court, and if the clerk fails to return such money into court, the sureties on his official bond cannot be held responsible for its loss. State v. Enslow, 41 W. Va. 744, 24 S. E. Rep. 679, citing Stuart v. Madison, 1 Call 481.

Note. There is no evidence in the record of the death of the widow, who was living March 14th, 1805, when the commissioners made their report.— Note in Original Edition.